

**ORDERED in the Southern District of Florida on November 23, 2021.**



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

In re:

John C. Hill,

    Debtor.

_____/

Case No. 13-18344-PDR

Chapter 11

**ORDER GRANTING IN PART MOTION TO REOPEN CASE**
**TO OBTAIN FINAL DECREE**

Bankruptcy courts have routinely approved the practice in confirmed individual chapter 11 cases of administratively closing the case while the debtor makes payments under the plan progressing towards earning a discharge. This practice, approved by the United States Trustee, benefits the estate because the debtor need not bear the expense of filing operating reports or paying quarterly UST fees. In this case, after having made all plan payments, the Debtor seeks to simultaneously reopen the case, have his final report approved, obtain a discharge, and close the case all on the same

date and in doing so avoid having to file operating reports and paying the associated UST fees. While the Court supports the practice of closing individual chapter 11 cases pending the completion of plan payments, the Court finds no support for the relief requested by the Debtor. For the reasons stated below, the Debtor's *Motion to Administratively Reopen Individual Chapter 11 Case to Obtain Discharge and Final Decree* ("Motion") (Doc. 392) is granted in part and the case is reopened but denied as to the remaining requested relief.

## Discussion

The Debtor filed his Chapter 11 petition on March 12, 2013, and the Court confirmed his plan on March 23, 2015. (Doc. 305). The confirmation order stated,

> Debtor may file a Motion to Temporarily Close Bankruptcy Case Prior to Entry of Order of Discharge . . . .
>
> Upon the satisfaction of all payments required under the Plan to Class 15 creditors, the Debtor may file a motion to reopen this bankruptcy proceeding, pursuant to 11 U.S.C. §350(b). Any Clerk of Court fees associated with filing of the motion to reopen shall be waived . . . .
>
> Upon the re-opening of this bankruptcy proceeding, the Debtor shall promptly file a Final Report of Estate and Motion for Final Decree Closing Case on the Court approved local form, which shall certify that all payments required under the Plan to Class 15 creditors have been made. The Court may then grant the Debtor a discharge, pursuant to 11 U.S.C. §1141(d)(5).

(*Id.*).

On August 30, 2018, pursuant to 11 U.S.C. 350(a) and the confirmation order, the Court administratively closed the case prior to the entry of the discharge. (Doc. 387). That order similarly stated,

> Upon the re-opening of this bankruptcy case, the Debtor shall promptly file a Final Report of Estate and Motion for Final Decree Closing Case on the Court-approved local form in effect at that time, which shall certify, among other things, that all payments required under the Plan to creditors have been made. The Court may then grant the Debtor a discharge, pursuant to 11 U.S.C. §1141(d)(5) if all other conditions are satisfied.

(*Id.*).

After completing all plan payments, on October 9, 2021, the Debtor filed a motion asking the court to reopen the case so he could obtain a discharge under 11 U.S.C. §1141(d)(5). (Doc. 392). That same day, the Debtor also filed his *Final Report and Motion for Entry of Final Decree* ("Motion for Final Decree"), and the required local form, *Notice of Deadline to Object to Debtor's Statement Re: 11 U.S.C. §522(q)(1) Applicability, Payment of Domestic Support Obligations, and Applicability of Financial Management Course and Statement Regarding Eligibility to Receive a Discharge* ("Notice to Object"). (Docs. 393, 394). The Notice to Object set an objection deadline of November 8, 2021. The Debtor properly served these filings.

A hearing on the matter was held on November 4, 2021. The Debtor asked the Court to approve the final report, enter his discharge and close the case on the same day as the order reopening the case, to avoid the requirements of having to file an operating report and pay the quarterly fee to the UST. The UST raised concerns about interested parties' opportunity to file an objection before the entry of discharge since the time for the objection deadline had started running while the case was still closed. The UST further argued that the Debtor would have to pay the UST fee and file any required operating reports regardless of the short time the case was reopened.

After the Court continued the matter, the UST filed a written objection to the Motion for Final Decree, echoing the objections raised at the hearing. (Doc. 401). The UST argues that to allow a deadline to object to run while a case remains closed prejudices the UST and any interested parties because it requires them to monitor closed cases and shortens "their time to conduct a proper review and raise objections to the Debtor's request." (*Id.*). The Debtor filed a response to the UST's objection arguing that the matters should be handled "simultaneously in the spirit of judicial efficiency" and the motions "were served on all interested parties providing ample time to conduct reviews and raise objections." (Doc. 404). The Debtor further argued, as he did at the hearing, that other judges in the district have allowed this expedited procedure in the past.

A plain reading of 28 U.S.C. §1930(a)(6), which sets the quarterly fee that bankruptcy debtors must pay the UST, states that the quarterly fee shall be paid for each quarter "including any fraction thereof" until the case is closed. 28 U.S.C. §1930(a)(6). Even if the case is opened for one day, which certainly constitutes a *fraction* of the applicable quarter, the Debtor owes the quarterly fee. Nothing in the statute or otherwise suggests that the Court has the authority to waive the fee. This is unlike, for instance, the Court's authority to waive the filing fee assessed by the Clerk for reopening the case. *See* S.D. Fla. Local Rule 5010-1(A); *see also In re Alvarado*, No. 10-01208, 2020 WL 2462849 (Bankr. D. Col. May 05, 2020) (relying on the Bankruptcy Court Miscellaneous Fee Schedule in Section 1930 to waive the filing fees, which provides that "[t]he court may waive [the reopening] fee under appropriate

circumstances"); *In re Garcia*, Case No. 12-41403-MSH, 2018 WL 3524581 (Bankr. D. Mass. July 20, 2018) (Although "[s]ome [courts] have suggested that it is not up to individual judges to decide what court fees should or should not be waived," "[t]he reopening of an administratively closed individual debtor chapter 11 case to enable a debtor to obtain her discharge is an appropriate circumstance for waiving the [reopening] fee"). Additionally, a debtor in possession in a Chapter 11 case must "on or before the last day of the month after each calendar quarter *during which there is a duty to pay fees under 28 U.S.C. §1930(a)(6)*, file and transmit to the United States trustee a statement of any disbursements made during that quarter and of any fees payable under 28 U.S.C. §1930(a)(6) for that quarter." Fed. R. Bankr. P. 2015(a) (emphasis added). Because such fee is statutorily required during this time, so is the operating report, and similarly there seems to be no authority for the Court to waive this requirement.

Although the Court was unable to locate any statute or case law regarding the impact of filing a final report, motion for final decree, and notice to object to those filings while a case remains closed, it seems a reasonable concern that creditors may assume that deadlines cannot begin to run while a case remains closed. Simultaneously entering the discharge with the order reopening fails to provide interested parties with sufficient opportunity to review the final report and object to discharge.

On the same day as he filed his Motion and Motion for Final Decree, the Debtor filed his Notice to Object in compliance with Local Rules 3022-1(B) and 4004-3(A)(4).

(Doc. 394); *see also* S.D. Fla. Local Rules 3022-1(B), 4004-3(A)(4). As the form states, pursuant to the Local Rule, interested parties have 30 days to file an objection or will "be deemed to have consented to entry of the final decree and discharge of debtor." (Doc. 394). The Court finds that this notice to object filed while the case is closed, even if there is a motion to reopen pending, cannot be effective at the time it is filed because the case is still closed. As so, the 30-day deadline to object would not begin to run until the case is reopened. Even in cases where the Motion for Final Decree and Notice to Object is on the docket and was properly served on the interested parties, there is a risk of confusion as to whether the time to object has started to run because the case is still closed. The Court sees no justification for any such risk.

Because debtors bear the burden of showing they are entitled to their discharge and interested parties have a right to be heard on such matters, the Court sees no reason, and the Debtor gives no support, to enter a discharge and close the case before the deadline to object has expired, and certainly not before the time to do so has even begun to run. The confirmation order and the order closing the case also support this result. Those orders instruct that "[u]pon the re-opening of this bankruptcy case, the Debtor shall promptly file a [Motion for Final Decree] . . . . The Court may *then* grant the Debtor a discharge . . . ." (Docs. 305, 387) (emphasis added). The orders say nothing of these events occurring on the same day and for good reason.

Lastly, the Debtor suffers almost no prejudice if the Court proceeds in this manner and allows the 30-day objection deadline to start upon reopening of the case, other than a minor delay to the issuance of his discharge—if he is in fact entitled to it—

which is no prejudice at all given the clear language of the confirmation order and order closing the case which anticipate this delay.  As stated, he will owe the UST fees and will have to file an operating report regardless of how long (or short) his case is open.  Moreover, since his case was closed while he completed his plan payments, the Debtor was able to reap the benefit of avoiding the requirements of filing quarterly reports and paying UST fees for years.  Having to submit one more operating report and pay one last UST quarterly fee so that interested parties may have the opportunity to file objections, is certainly a balanced approach to the issues presented.

Accordingly, the Court **ORDERS**:

1. The Motion (Doc. 392) is **GRANTED IN PART**.

2. The Debtor's Chapter 11 case is administratively reopened for the purpose of obtaining a discharge under section 1141(d) of Title 11, United States Code.  The Clerk of Court fees associated with the reopening of Debtors' case are waived pursuant to Local Rule 5010-1(A) and this Court's *Order Granting Debtors' Motion to Administratively Close Case Prior to Entry of an Order of Discharge* (Doc. 387).

3. The deadline to object to the *Final Report and Motion for Entry of Final Decree* (Doc. 393) is 30 days from the entry of this order.  If no objections are filed, the Clerk of Court is directed to enter an Order Granting Debtor's Discharge under § 1141(d), and to immediately enter a Final Decree closing Debtor's fully administered Chapter 11 case.

4. Debtor shall file quarterly post-confirmation reports with the Court indicating cash disbursements for the relevant period and pay the United States

Trustee the appropriate sum required pursuant to 28 U.S.C. §1930(a)(6), until the closing of this case by the issuance of a Final Decree by the Court.

###

Copies To:
Chad Van Horn
Adisley M. Cortez-Rodriguez

*Chad Van Horn is directed to serve a copy of this Order on all interested parties.*